# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER R. SMOCKS, | ) |
| Movant, | ) |
| vs. | ) Civil No. 09-0635-CV-W-FJG |
| | ) Crim. No. 08-00108-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Currently pending before the Court is Smocks' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1), filed August 13, 2009. The Court finds that it has jurisdiction over this matter.

### I. BACKGROUND

On April 14, 2008, a five count indictment was returned charging Smocks with four violations of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and being a felon in possession of a firearm, in violation of 28 U.S.C. § 922(g)(1) and 924(a)(2). Smocks entered into a plea agreement with the Government and on June 3, 2008 pleaded guilty to Counts one through four of the indictment. In exchange for the guilty plea, the Government dismissed Count five at the time of sentencing. The plea agreement outlined that Smocks would be forfeiting the right to a jury trial, the right to appeal or to collaterally attack his sentence on any ground, other than a sentence imposed in excess of the statutory maximum or an illegal sentence. The Court specifically asked Smocks whether his attorney had explained the Plea

Agreement to him, whether he had reviewed the Plea Agreement and whether he had any questions about the waiver of his constitutional rights or his appellate rights, to which Smocks responded that he had no questions. On October 8, 2008, Smocks was sentenced to 97 months imprisonment. On August 13, 2009 Smocks filed the instant § 2255 motion alleging five areas of ineffective assistance of counsel.

## II. STANDARD

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

## III. DISCUSSION

**A. Is the Motion Barred by Waiver Contained in the Plea Agreement?**

The Government argues that Smocks' motion should be summarily dismissed because it is barred by the terms of the plea agreement. The Plea Agreement states in

part:

> The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of his plea agreement.

(Plea Agreement, ¶ 15a).

> The defendant retains his right to appeal any Sentencing Guidelines issues that have not been agreed upon by the parties. However, the defendant otherwise expressly waives his right to appeal his sentence, directly or collaterally, on any ground, including agreed-upon Sentencing Guidelines issues, except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than an abuse of discretion, or the imposition of an unreasonable sentence.

(Plea Agreement, ¶ 15b). Additionally, just before Smocks' signature, is the following paragraph:

> I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

The Government states that a waiver will be enforced when the issue the defendant seeks to raise falls within the scope of the waiver and the defendant knowingly and voluntarily entered into the plea agreement and the waiver. In this case, the Government argues that Smocks was specifically asked about the plea agreement and the waiver and stated that he had read and reviewed them and had no questions.

Smocks states that his counsel "failed both to conduct an adequate pre-trial investigation and properly advise the petitioner regarding the consequences of accepting a plea agreement, leading to an unknowing and involuntary plea while not

3

presenting vital discovery that was known, or should have been known by his counsel to the court." (Memorandum in Support of § 2255 petition, p. 9).

In <u>DeRoo v. United States</u>, 223 F.3d 919 (8th Cir. 2000), the Court stated:

> There is no question in this circuit that a knowing and voluntary waiver of direct-appeal rights is generally enforceable. . . . As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context . . .However, such waivers are not absolute. For example, defendants cannot waiver their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. . . . In addition, the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary.

<u>Id</u>. at 923 (internal citations omitted). The Court also stated that, "[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." Id. at 924. <u>See</u> <u>also</u> <u>United States v. Brady</u>, No. 4:05-cr-023, 2006 WL 3498558 (D.N.D. Dec. 1, 2006).

**1. Was Smocks' Waiver Knowing and Voluntary?**

In <u>United States v. Masters</u>, 317 Fed. Appx. 750 (10th Cir.), <u>cert</u> <u>denied</u>, 129 S.Ct. 2447, 174 L.Ed.2d 238 (2009), the Court stated that in determining whether a petitioner knowingly and voluntarily waived his rights, two factors are examined: 1) the language of the plea agreement and 2) whether an adequate Fed.R.Crim.P. 11 colloquy took place. The Plea Agreement signed by Smocks states in part:

> The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised

4

> him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

(Smocks' Plea Agreement ¶ 20, p. 11). Further, directly above his signature, is the statement:

> I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

(Plea Agreement, p. 12).

Also, during the Change of Plea hearing, the Court asked Smocks if he was under the influence of drugs, alcohol or other medication, whether he suffered from any mental disease or defect and whether he was satisfied with the representation of his attorney. The Court also asked counsel if he had shared with Mr. Smocks the discovery that the Government had provided. Counsel responded that he and Mr. Smocks had gone through the entire case file and that they had also discussed the relative merits of pleading guilty versus going to trial. The Court also asked Mr. Smocks whether he had read, signed and discussed the plea agreement with his counsel. The Court also asked Smocks if he had any remaining questions about the terms or the provisions of the Plea Agreement and whether he felt like he had sufficient time to review and discuss the agreement. The Court also inquired whether Smocks had been forced or threatened into signing the agreement. Finally, the Court inquired whether the factual basis for the plea accurately reflected Smocks' involvement, to which he responded that it did.

Smocks also indicated that he had read ¶¶ 14-15 that discussed the waiver of his constitutional and appellate rights and indicated that he did not have any questions regarding these waivers.   Therefore, based on a review of the Plea Agreement and the transcript of the Plea Hearing, the Court finds that Smocks knowingly and voluntarily waived his constitutional and appellate rights.  Having concluded that the waiver was knowing and voluntary, the Court must next examine whether the claims which Smocks is asserting fall within the terms of the waiver.

**2.  What claims is Smocks asserting?**

Smocks asserts five claims in his §2255 petition: 1) Ineffective Assistance of Counsel during Plea Negotiations in Violation of the Sixth Amendment; 2) Ineffective Assistance of Counsel In Failing to Properly Preserve Challenges and/or All Enhancements Received At Sentencing or Within the Presentence Investigation Report; 3) Petitioner's Fifth and Sixth Amendment Rights Were Violated When the District Court Applied the Mandatory Provisions of the Sentencing Guidelines in Sentencing; 4) Counsel Was Ineffective for His Failure to Raise a Personal Use Argument at the Time of Sentencing and 5) Ineffective Assistance of Counsel in Appellant Waiver.  In <u>United States v. Brady</u>, the Court stated that "a waiver is not effective if a defendant alleges in his section 2255 motion that the plea was not knowing and voluntary due to the ineffective assistance of counsel . . . This would include the negotiation of and entry into the plea agreement containing the waiver." <u>Id</u>. 2006 WL 3498558 at *1 (internal citations omitted).  In examining the claims which Smocks asserts, it is clear that only the first and the fifth claims (ineffective assistance of counsel during plea negotiations and in connection with the appellant  waiver) would not be precluded by the waiver.

The second, third and fourth claims do not relate to Smocks' decision to enter into the plea or whether the plea was knowing and voluntary.

### 3. Exceptions to Application of the Waiver

Even though the Court has found that these claims are precluded by the waiver, there are still some exceptions which exist. In <u>United States v. Masters</u>, the Court stated:

> Further, even a knowing and voluntary waiver of a right that falls within the scope of the plea agreement waiver is subject to certain exceptions, the existence of which would render enforcement a miscarriage of justice. These exceptions are found:
>
>> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.
>
> . . . A waiver is otherwise unlawful if subject to an error that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

<u>Id</u>. 317 Fed.Appx. at 754 (internal citations and quotations omitted). In the instant case, the Court did not rely on any impermissible factors. Similarly, the sentence did not exceed the statutory maximum, as the statutory maximum for Counts 1, 2, 3 and 4 was not more than 20 years, for each count. The Court also does not find that the waiver was otherwise unlawful because it was not subject to any error that seriously threatened the fairness, integrity or public reputation of the proceedings. Two of Smocks' claims do fall within the second exception - ineffective assistance in connection with the negotiation of the waiver and the Court will now proceed to address those two claims.

### B. Ineffectiveness of Counsel

To prevail on a claim of ineffective assistance of counsel, Smocks must show that his attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. Id. 466 U.S. at 689, 104 S.Ct. at 2065-66. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)." Id. Additionally, to establish prejudice, Smocks must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. "Although the two prongs of the 'ineffective assistance' analysis are described as sequential, courts 'do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.'" United States v. Vesey, No. C06-0075-MWB, 2009 WL 1324076, *5 (N.D. Iowa May 12, 2009) (citing Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999), cert. denied, 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000)).

Smocks argues in his first claim that his counsel was ineffective during the plea negotiations. Smocks states that "counsel was not prepared to offer genuine adversarial effective representation to the petitioner as evident by his failure, among several, to prevent conflict free representation and plea advice while informing petitioner

8

of possible other lines of defenses including the right to contest the ruling as to the correct drug weight, as well as, in failing to present to the court petitioner's personal use argument so as to warrant consideration. . . . by [. . .] the court for a downward departure in sentencing as part of plea negotiations." (Memorandum in Support, pp. 8-9). Smocks states that he entered his plea unknowingly because he was not aware of the consequences of the plea agreement. He alleges that his counsel failed to conduct an adequate pre-trial investigation and properly advise Smocks regarding the consequences of accepting the plea, making the plea involuntary and unknowing.

The Government attached to its suggestions in opposition, the affidavit of Smocks' counsel, Mr. Willie Epps, Jr. Mr. Epps states in response to this argument that he first met Mr. Smocks on April 23, 2008 and that during this meeting, Smocks admitted his guilt concerning the drugs. Additionally, Mr. Epps states that he and Mr. Smocks listened to the recorded conversations regarding the gun transaction on May 6, 2008. Mr. Epps stated that he met for 3.2 hours that day with Mr. Smocks and they reviewed all the discovery and discussed Smocks' options to proceed to trial or plead guilty, analyzed the drug quantity, discussed the possible enhancement for a Felon in Possession of a handgun and discussed the impact of the sentencing guidelines. Mr. Epps states that Mr. Smocks never asked him to challenge or contest the drug quantity and stated that the drug transactions were appropriately charged. (Epps Affidavit, pp. 4-5).

The Court credits the affidavit of Mr. Epps. He states specifically on what days he met with his client, how long he met with him and what was discussed. Additionally, Mr. Epps states that Smocks never asked him to contest the drug quantity or to argue

that a portion of the drugs were for personal use.  Instead, he told Mr. Epps that he sold the drugs in order to sustain his own drug habit. This argument was also made during the sentencing hearing.  Additionally, Mr. Epps was successful in negotiating with the Government to dismiss the felon in possession charge.  Mr. Epps was also able to negotiate a lower sentencing range (92 to 115 months), than the range that had been calculated by the probation officer (110 to 135 months).  Therefore, the Court finds that Mr. Epps fully discussed the issues regarding his plea agreement with Mr. Smocks, informed him of what the consequences would be if he pled guilty and provided effective representation in the plea negotiations to Mr. Smocks.  Therefore, the Court finds that Smocks has not shown that Mr. Epps' performance fell below an objective standard of reasonableness**.**  However, even if he had satisfied the performance prong, Smocks has not satisfied the prejudice prong.  In order to establish prejudice, Smocks must demonstrate that but for the actions of counsel, he would have proceeded to trial.  It is highly unlikely that he would have gone to trial, especially because he was facing a potentially more than double sentence.  If he had gone to trial and was convicted, the Sentencing Guidelines range would have been 140 to 175 months.  Accordingly, the Court finds that Smocks has failed to establish that he received ineffective assistance of counsel during the plea negotiations.

In his fifth claim, Smocks argues that he received ineffective assistance of counsel with regard to the appellate waiver.  Smocks states that counsel failed to inform him that acceptance of the plea agreement would mean that both direct and collateral review rights would be forfeited.  Smocks states that he "concedes that he may have waived his appellate rights in the plea agreement.  However, this waiver assumed that

counsel would adequately perform his job throughout the proceedings. The plea agreement did not, obviously, waive Petitioner's Sixth Amendment right to the effective assistance of counsel." (Memorandum in Support of §2255 Motion, p. 20). Smocks states that in "agreeing to waive his appellate rights, [he] relied on counsel to make an informed and logical choice in defense strategy and no errors were attributable to his representation and process therein which he pleaded guilty." (Memorandum in Support, p. 21).

In his Affidavit, Mr. Epps states that he had a number of discussions with Mr. Smocks concerning the terms of the plea agreement. Mr. Epps states that he discussed with Mr. Smocks that he would be waiving his constitutional rights, appellate and post-conviction rights, right to submit a FOIA request and the right to request DNA testing of any biological evidence which may have been obtained by law enforcement. Mr. Epps states that he met with Mr. Smocks on May 6, 2008 and again on June 3, 2008. Additionally, during the change of plea hearing, the Court specifically went over the two waiver provisions:

Q. Next, I'll ask you to turn to page 8, paragraph 14, which addresses waiver of certain constitutional rights. Do you recall reading those - -

A. Yes, sir.

Q. - - provisions. And also paragraph 15 that talks about waiver of appellate rights; do you remember that?

A. Yes, sir.

Q. Any questions about those waivers?

A. No, sir.

(Transcript of June 3, 2008 Plea Hearing, p. 8).

The Court credits the affidavit of Mr. Epps and finds that he met and discussed the terms of the plea agreement with his client on numerous occasions. Therefore, the Court does not find that Mr. Epps' conduct fell below an objective standard of reasonableness. Additionally, even if Mr. Epps had not explained the waiver of appellate rights to Smocks, the Court also went over the specific waivers, in order to ensure that the plea was knowing and voluntary. Thus, the Court does not find Smocks has established that he received ineffective assistance from his counsel in regard to the appellate waiver.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Smocks' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. #1).

Date: 04/06/10
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge